Russell S. Thompson IV (029098)
Thompson Consumer Law Group, PC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joshua Reus, *on behalf of himself and all others similarly situated*,<br><br>Plaintiff,<br><br>vs.<br><br>Monarch Recovery Management, Inc. and Collins Asset Group, LLC,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT AND TRIAL BY JURY DEMAND** |

## NATURE OF ACTION

1. Plaintiff Joshua Reus ("Plaintiff") brings this class action on behalf of himself and all others similarly situated against Defendants Monarch Recovery Management, Inc. ("Monarch") and Collins Asset Group, LLC ("Collins") (collectively, "Defendants") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION, VENUE, AND STANDING

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

Class Action Complaint - 1

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the letters giving rise to Plaintiff's action were directed to Plaintiff in this district and where Defendants transact business in this district.

4. Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," thus "Congress may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016) (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)).

5. "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)). Thus, a debt collector's breach of a right afforded a consumer under the FDCPA causes an injury in fact for Article III standing, even where the harm may be intangible. *See id.*; *Church v. Accretive Health, Inc.*, 654 F. App'x 990, 995 (11th Cir. 2016).

### THE FAIR DEBT COLLECTION PRACTICES ACT

6. Congress enacted the FDCPA in order to eliminate "abusive debt collection practices by debt collectors [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1179-80 (9th Cir. 2006) (citing 15 U.S.C. § 1692(e)).

7. To protect consumers and ensure compliance by debt collectors, "the FDCPA is a strict liability statute." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011).

8. Strict liability enhances "the remedial nature of the statute," and courts are "to interpret it liberally" to protect consumers. *Clark*, 460 F.3d at 1176.

9. In addition, by making available to prevailing consumers both statutory damages and attorneys' fees, Congress "clearly intended that private enforcement actions would be the primary enforcement tool of the Act." *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 780-81 (9th Cir. 1982); *see also Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1118 (9th Cir. 2014).

10. Violations of the FDCPA are assessed under the least sophisticated consumer standard which is "'designed to protect consumers of below average sophistication or intelligence,' or those who are 'uninformed or naïve,' particularly when those individuals are targeted by debt collectors." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011) (quoting *Duffy v. Landberg*, 215 F.3d 871, 874-75 (8th Cir. 2000)).

11. "An FDCPA Plaintiff need not even have actually been misled or deceived by the debt collector's representation; instead, liability depends on whether the *hypothetical* 'least sophisticated debtor' likely would be misled." *Tourgeman*, 755 F.3d at 1117-18 (emphasis in original).

12. "[B]ecause the FDCPA is a remedial statute aimed at curbing what Congress considered to be an industry-wide pattern of and propensity towards abusing debtors, it is logical for debt collectors—repeat players likely to be acquainted with the legal standards

Class Action Complaint - 3

governing their industry—to bear the brunt of the risk." *Clark*, 460 F.3d at 1171-72; *see also FTC v. Colgate–Palmolive Co.,* 380 U.S. 374, 393 (1965) ("[I]t does not seem unfair to require that one who deliberately goes perilously close to an area of proscribed conduct shall take the risk that he may cross the line.") (internal quotations omitted).

## PARTIES

13. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

14. Monarch is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

15. Monarch is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

16. Collins is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged, by use of the mails and telephone, in the business of directly or indirectly attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

17. Collins is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

18. Plaintiff is a natural person allegedly obligated to pay a debt.

19. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal vehicle loan (the "Debt").

20. Monarch uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

21. Monarch regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

22. Collins uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

23. Collins acquires defaulted debts from creditors, which it then, either directly or through third parties, seeks to collect from the consumer for its own profit.

24. The principal purpose of Collins's business is debt collection.

25. Collins has no other substantial business purpose except to acquire debts and profit from collected debts.

26. Collins acquired Plaintiff's Debt after it was alleged to be in default.

27. At all relevant times, Monarch acted on behalf of Collins to collect or attempt to collect the Debt from Plaintiff.

28. In connection with the collection of the Debt, Monarch sent Plaintiff a letter dated November 8, 2019.

29. A true and correct copy of Monarch's November 8, 2019 letter to Plaintiff is attached as Exhibit A.

30. Defendant's November 8, 2019 letter was its initial communication with Plaintiff with respect to the Debt.

31. Defendant did not send Plaintiff any other written communication within five days of its November 8, 2019 letter.

32. Defendant's November 8, 2019 letter states, in relevant part: "Unless you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume that this debt is valid." Exhibit A.

## CLASS ACTION ALLEGATIONS

33. Plaintiff repeats and re-alleges all factual allegations above.

34. The November 8, 2019 letter is based on a template used by Monarch to send an initial written communication to consumers (the "Template") on behalf of Collins and in connection with the collection of consumer debts.

35. The Template falsely represents that a consumer must dispute the alleged obligation in writing in order to prevent Monarch from assuming the validity of the alleged obligation.

36. On behalf of Collins, Monarch sent letters based on the Template to over 40 individuals in the State of Arizona within the year prior to the filing of the original complaint in this matter where such letter was the initial written communication with the individual.

37. Plaintiff brings this action on behalf of himself and all others similarly situated. Specifically, Plaintiff seeks to represent the following class of individuals:

> All persons in Arizona, to whom Monarch sent an initial written communication based upon the Template, within one year before the date of this complaint, in connection with the collection of a debt owned by Collins.

38. The proposed class specifically excludes the United States of America, the State of Arizona, counsel for the parties, the presiding United States District Court Judge,

the Judges of the United States Court of Appeals for the Ninth Circuit, and the Justices of the United States Supreme Court, all officers and agents of Defendants, and all persons related to within the third degree of consanguinity or affection to any of the foregoing persons.

39. The class is averred to be so numerous that joinder of members is impracticable.

40. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

41. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendants.

42. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Defendants' identical conduct particular to the matters at issue; (b) Defendant's violations of the FDCPA; (c) the availability of statutory penalties; and (d) attorneys' fees and costs.

43. Plaintiff's claims are typical of those of the class he seeks to represent.

44. The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure on the part of Defendants. Thus, if brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

45. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

46. Plaintiff will fairly and adequately protect the interests of the class and has no interests adverse to or which directly and irrevocably conflict with the interests of other members of the class.

47. Plaintiff is willing and prepared to serve this Court and the proposed class.

48. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

49. Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

50. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

51. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the classes. Such incompatible standards of conduct and varying adjudications, on what

would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

52. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in each that Defendant has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

53. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

54. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692g(a)(3)**
**MONARCH**

55. Plaintiffs repeat and re-allege each factual allegation above.

56. A key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written notice which provides information regarding the debt and informs the consumer of his or her right to

dispute the validity of the debt, and/or request the name and address of the original creditor, within 30 days of receipt of the notice.  *See* 15 U.S.C. § 1692g(a).

57.   Congress adopted "the debt validation provisions of section 1692g" to guarantee that consumers would receive "adequate notice" of their rights under the FDCPA. *Wilson v. Quadramed Corp.,* 225 F.3d 350, 354 (3d Cir. 2000) (citing *Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir. 1991)).

58.   This validation requirement is a "significant feature" of the law that aimed to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." *See Hernandez v. Williams, Zinman & Parham PC*, 829 F.3d 1068, 1070 (9th Cir. 2016) (citing S. Rep. No. 95-382, at 4 (1977)).

59.   "Sections 1692g(a)(4), 1692g(a)(5), and 1692g(b) explicitly require written communication, whereas section 1692g(a)(3) plainly does not." *Clark v. Absolute Collection Service, Inc.*, 741 F.3d 487, 490 (4th Cir. 2014).

60.   "The plain language of subsection (a)(3) indicates that disputes need not be made in writing . . . ." *Camacho v. Bridgeport Fin. Inc.*, 430 F.3d 1078, 1082 (9th Cir. 2005).

61.   Monarch violated 15 U.S.C. § 1692g(a)(3) by falsely representing that any dispute must be made *in writing* in order to prevent Defendant from assuming the validity of the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Monarch violated 15 U.S.C. § 1692g(a)(3) with respect to Plaintiff and the class he seeks to represent;

c) Awarding Plaintiff and the class he seeks to represent actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to § 1692k(a)(2)(B)(i);

e) Awarding all other class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff and the class he seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g) Awarding Plaintiff and the class he seeks to represent, pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

**COUNT II**
**VIOLATION OF 15 U.S.C. § 1692g(a)(3)**
**COLLINS**

62. Plaintiff repeats and re-alleges each factual allegation above.

63. Monarch violated 15 U.S.C. § 1692g(a)(3) by falsely representing that any dispute must be made *in writing* in order to prevent Defendant from assuming the validity of the Debt.

64. Collins, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of Monarch—the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Collins violated 15 U.S.C. § 1692g(a)(3) with respect to Plaintiff and the class he seeks to represent;

c) Awarding Plaintiff and the class he seeks to represent actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to § 1692k(a)(2)(B)(i);

e) Awarding all other class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff and the class he seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g) Awarding Plaintiff and the class he seeks to represent, pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

65. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: January 31, 2020

Respectfully submitted,

s/ Russell S. Thompson IV
Russell S. Thompson IV (029098)
Thompson Consumer Law Group, PC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com